UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Monique Thacker,<br><br>        Plaintiff,<br><br>v.<br><br>HSBC,<br><br>        Defendant. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>Supreme Court of the State of New York,<br>County of New York<br>Index No. 157115/2022 |

1.    On or about August 19, 2022, Plaintiff Monique Thacker ("Plaintiff") commenced an action against "HSBC" by filing a Complaint in the Supreme Court of New York, County of New York, Index No. 157115/2022. A copy of the Complaint is attached hereto as Exhibit A. There is no entity by the name of "HSBC." See Declaration of Martin Richardson ("Richardson Decl."), ¶2. Plaintiff is a current employee of HSBC Bank USA, N.A. See Id., ¶3. Given that Plaintiff asserts employment discrimination claims in her complaint, the proper defendant in this lawsuit is HSBC Bank USA, N.A. Plaintiff is also registered with FINRA through HSBC Securities (USA) Inc.

2.    There has been no service of the Complaint or of any other process, pleadings, and orders served upon HSBC Bank USA, N.A. or HSBC Securities (USA) Inc. in this action.

3.    This Notice of Removal is being timely filed as required by 28 U.S.C. § 1446(b), on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4.    Plaintiff is a resident of the State of New Jersey. See Richardson Decl., ¶3.

5.    Pursuant to 28 U.S.C. § 1348 and the United States Supreme Court's decision in Wachovia Bank, N.A. v. Schmidt, 547 U.S. 303, 306-307 (2006), a national banking association

is a citizen of the state where its main office is located. See also OneWest Bank, N.A. v. Melina, 827 F.3d 214 (2d Cir. 2016). HSBC is, and was at the time this action commenced, a national banking association with its main office located in the State of Virginia. See Richardson Decl., ¶4.

6. Accordingly, HSBC Bank USA, N.A. is deemed a citizen of Virginia for purposes of diversity jurisdiction.

7. For purposes of diversity jurisdiction, a corporation is be deemed to be a citizen of the State in which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332 (c)(1).

8. HSBC Securities (USA) Inc. is a Delaware corporation with its principal place of business in New York. See Richardson Decl., ¶5.

9. Accordingly, HSBC Securities (USA) Inc. is deemed a citizen of Delaware and New York for purposes of diversity jurisdiction.

10. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction of civil actions between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Here, the Complaint fails to allege a specific amount of damages. However, Plaintiff, who alleges that she is an officer-level employee, alleges employment discrimination and retaliation over the course of several years for which she seeks recovery of compensatory damages for alleged loss of wages, bonuses and the purported "continuing impact on" her, attorneys' fees and punitive damages. Ex. A, pg. 6, 12, 13 and 14. This is sufficient to demonstrate a reasonable probability that the amount in controversy in this matter is in excess of $75,000. See e.g., Hager

v. Steele, 2020 WL 4345735, at *2 (S.D.N.Y. July 29, 2020); Leslie v. BancTec Service Corp. 928 F. Supp. 341, 349 (S.D.N.Y. 1996).

12. Thus, for purposes of removal, the amount in controversy in this matter exceeds $75,000.

13. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. In addition, none of the parties who have been properly joined and served as defendants are citizens of the State of New York, the State in which this action was brought. See 28 U.S.C. §1441(b)(2); Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 704-07 (2d Cir. 2019).

14. In filing this Notice of Removal, HSBC Bank USA, N.A. or HSBC Securities (USA) Inc. do not waive any defenses that may be available to them.

15. Upon the filing of this Notice of Removal, written notice of this removal shall be provided to Plaintiff's attorney and a copy of this Notice filed with the Clerk of the Supreme Court of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).

16. Defendant, through its undersigned counsel, consents to removal.

**WHEREFORE**, Defendant respectfully requests that this action be removed from the Supreme Court of New York, County of New York to this Court, and proceed in this Court as an action properly removed thereto.

                                           **K&L GATES LLP**
                                           Attorneys for Defendant

                                           By: /s/ Vincent N. Avallone_____
Dated:  August 20, 2022                    Vincent N. Avallone